**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELIZABETH NKEM NWAEKE,<br><br>*Plaintiff,*<br><br>v.<br><br>MERRICK GARLAND, *et al.*,<br><br>*Defendants.* | HONORABLE KAREN M. WILLIAMS<br><br>Civ. No. 24-7612 (KMW)<br><br><br>**OPINION** |

APPEARANCES:

Elizabeth Nkem Nwaeke
19 NEVADA LANE
WILLINGBORO, NJ 08045

*Pro se Plaintiff*


Brooks E. Doyne, Assistant United States Attorney
Catherine Ross, Assistant United States Attorney
DOJ-USAO
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

*Attorneys for Defendants*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Before the Court is Defendants Merrick Garland, in his official capacity as U.S. Attorney General, Alejandro Mayorkas, in his official capacity as Secretary of the Department of Homeland Security, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"), David L. Neal, Director, the Executive Office of Immigration Review ("EOIR"), and the United States of America's (collectively, "Defendants") motion to dismiss (ECF No. 8, "MTD Br.") Plaintiff Elizabeth Nkem Nwaeke's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposes the motion. (ECF No. 9, "Opp. Br.") Defendants replied. (ECF No. 10, "Reply.") The Court, having reviewed the parties' submissions and considered the MTD without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendants' MTD and dismisses the Complaint without prejudice to Plaintiff's ability to file a motion seeking leave to amend the Complaint.

## II. FACTUAL BACKGROUND[1]

Plaintiff alleges that she is a citizen and native of Nigeria. (Compl. ¶ 10.) On November 19, 2015, she was admitted to the United States on B-2 nonimmigrant status, which was valid until May 17, 2016. (*Id.*) On April 26, 2016, Plaintiff filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"), seeking asylum, withholding of removal, and protection under the Convention against Torture. (*Id.* ¶ 11.) Plaintiff sought protection based on her alleged past persecution and well-founded fear of future persecution due to her religion, political opinion, and membership in a particular social group. (*Id.* ¶ 13.) Plaintiff appeared for an interview with a USCIS asylum officer and, on June 18, 2024, USCIS referred Plaintiff's asylum application to

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The facts are taken from Plaintiff's Complaint.

2

Executive Office of Immigration Review ("EOIR") for adjudication in removal proceedings before an immigration judge. (*Id.* ¶¶ 17-19.) Plaintiff's initial hearing in immigration court was scheduled for November 15, 2024, and subsequently rescheduled to January 12, 2028. (*Id.*, Ex. 2; *see* Reply at 6 n.2.)

### III. LEGAL STANDARD

#### a. Fed. R. Civ. P. 12(b)(1)

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Challenges to jurisdiction under Rule 12(b)(1) may be either facial or factual. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007). A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true." *Id.* However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness, *id.*, and the trial court may review evidence outside the pleadings. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Plaintiff "bears the burden of demonstrating [the Court's] subject matter jurisdiction." *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009).

#### b. Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

3

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013)(citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, one exception is that courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)(citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## IV.  DISCUSSION

### a. Statutory and Regulatory Framework

The Immigration and Nationality Act permits any noncitizen "who is physically present in the United States or who arrives in the United States . . . irrespective of such noncitizen's status," to apply for asylum, subject to certain exceptions. 8 U.S.C. § 1158(a)(1). An asylum applicant must establish either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The decision to grant asylum is discretionary, which either the Secretary of Homeland Security or the Attorney General may grant to applicants who satisfy the statutory criteria for eligibility. 8 U.S.C. § 1158(b)(1)(A). Asylum officers conduct an initial interview on affirmative asylum applications. 8 C.F.R. § 208.1(b). If the applicant is statutorily eligible for asylum and warrants a favorable exercise of discretion, the officer may grant asylum. 8 C.F.R. § 208.14(b). If the asylum officer determines that the applicant is statutorily ineligible or does not warrant a favorable exercise of discretion, the officer will not grant asylum. 8 C.F.R. § 208.14(c). In that case, if the applicant is in lawful status (pursuant to, for example, Temporary Protected Status or an unexpired non-immigrant visa) or parole status, the asylum officer denies the application. 8 C.F.R. § 208.14(c)(2), (3). If the applicant lacks lawful immigration status or parole, the asylum officer will refer the application to immigration court, where the applicant may seek asylum from an Immigration Judge *de novo*. 8 C.F.R. § 208.14(c)(1). "Immigration judges shall have exclusive jurisdiction over asylum applications filed by a [noncitizen] who has been served a . . . Form I–862, Notice to Appear after the charging document has been filed with the Immigration Court." 8 C.F.R. § 208.2(b).

While a referral to immigration court concludes USCIS's role in the asylum process, referral is not a final agency action. *See* 8 C.F.R. § 208.4(a)(3); *Yusupov v. Att'y Gen. of U.S.*, 518 F.3d 185, 195 (3d Cir. 2008). If the immigration judge denies the noncitizen's asylum application, the noncitizen may appeal the decision to the Board of Immigration Appeals ("Board"). *See* 8 C.F.R § 1003.1(b)(9). The Board reviews *de novo* all appeals of Department of Homeland Security ("DHS") officer decisions. *See* 8 C.F.R. § 1003.1(d)(3)(iii). If the Board affirms the denial, the noncitizen may file a petition for review with the appropriate circuit court of appeals. 8 U.S.C. § 1252(a)(1). Filing an asylum application does not provide lawful status. *See* 8 C.F.R. § 245.1(d)(1).

### b. Subject Matter Jurisdiction

Federal district courts are typically precluded from reviewing claims arising from any action taken or proceeding brought to remove noncitizens. *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3rd Cir. 2020). The INA limits judicial bars challenging removal orders in district court. 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any causes or claims by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any noncitizen."); *see also Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 482 (1999) (holding § 1252(g) was designed to address the "decision or action to commence proceedings, adjudicate cases, or execute removal orders."). Rather, a noncitizen must bring those challenges in a "petition for review filed with an appropriate court of appeals," which "shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see E.O.H.C.*, 950 F.3d at 184. District courts lack jurisdiction over those challenges to removal.

"District courts also lack jurisdiction to review most claims that even relate to removal." *E.O.H.C.*, 950 F.3d at 184. "To prevent piecemeal litigation, the INA usually requires aliens to

6

bring their claims together." *Id.* To wit, § 1252(b)(9) states that if a legal claim "aris[es] from any action taken or proceeding brought to remove an alien," then "[j]udicial review of all questions of law and fact . . . shall be available only in judicial review of a final order" of removal. *See id.* (quoting § 1252(b)(9)). "Because judicial review of a final order of removal is available only in the court of appeals, district courts cannot review these 'arising from' claims either." *Id.* Notably, the filing of a Form I-862 charging document marks the commencement of proceedings against a noncitizen. *See Chavez-Chilel v. AG of the United States*, 20 F.4th 138, 143 (3rd Cir. 2021) (holding "proceedings before an [immigration judge] commence when a charging document is filed with the Immigration Court by [DHS]").

Here, Plaintiff's claims arise from USCIS's referral of her asylum application to an immigration judge upon the filing of a Form I-862 charging document. (ECF No. 1 at 11-13 – Plaintiff's DHS Form I-862, dated June 11, 2024); *see Chavez-Chilel*, 20 F.4th at 143. Thus, Plaintiff seeks to challenge a decision to commence proceedings which 8 U.S.C. § 1252(g) excludes this Court from reviewing. *See* 8 U.S.C. § 1252(g); *E.O.H.C.*, 950 F.3d at 184. Moreover, any claims "arising from" USCIS's referral are also precluded. *See* 8 U.S.C. § 1252(b)(9); *E.O.H.C.*, 950 F.3d at 184. Furthermore, Plaintiff is currently scheduled for a hearing before an immigration judge—thus, her application has not yet resulted in a final agency order appealable to the federal courts. *See* 8 U.S.C. § 1252(b)(9); *E.O.H.C.*, 950 F.3d at 184. Even if the immigration judge enters a final order of removal, Plaintiff's recourse will be to the "appropriate court of appeals," not the district court. 8 U.S.C. § 1252(a)(5); *see E.O.H.C.*, 950 F.3d at 184.

Accordingly, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

Because the Court lacks subject-matter jurisdiction, it will not consider Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 293 (3d Cir. 2007) (declining to reach the merits of a party's claims because of a lack of subject-matter jurisdiction); *Pue v. N.J. Dep't of Lab.*, No. 23-855, 2023 WL 5671561, at *7 (D.N.J. Sept. 1, 2020) (declining to "render[ ] any opinion as to the merits" of defendant's Rule 12(b)(6) motion because the court lacked subject-matter jurisdiction).

## V. CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss (ECF No. 8) is **GRANTED**. An order consistent with this Opinion will be entered.

Dated: June 9, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE